UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TERESA ANN THOMPSON, INDIVIDUALLY, AND AS SPECIAL ADMINISTER OF THE ESTATE OF WINFIELD THOMPSON, SR., DECEASED; AND ESTATE OF WINFIELD THOMPSON,<br><br>Plaintiffs,<br><br>vs.<br><br>WILLIAM HARRIE, THE NILLES LAW FIRM, NODAK INSURANCE COMPANY, NODAK MUTUAL GROUP, INC., A MUTUAL HOLDING COMPANY; AND N.I. HOLDINGS, INC., AN INTERMEDIATE STOCKHOLDING COMPANY;<br><br>Defendants. | 4:18-CV-04022-KES<br><br><br>ORDER GRANTING MOTIONS TO DISMISS |

Plaintiffs Teresa Ann Thompson, individually and as special administer of the estate of Winfield Thompson, Sr., deceased, and the Estate of Winfield Thompson filed a complaint in state court alleging unauthorized practice of law, fraud and deceit, civil conspiracy, and barratry/abuse of process against defendants William Harrie, the Nilles Law Firm (collectively "the lawyer defendants"), Nodak Insurance Company, Nodak Mutual Group, Inc., and N.I. Holdings, Inc. (collectively "Nodak"). Docket 1-1. Plaintiffs also seek punitive damages. *Id.* Nodak removed the case to this court under 28 U.S.C. §§ 1332, 1441, and 1446. Docket 1. Nodak moves to dismiss all counts under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Docket 7. The lawyer defendants move to dismiss

all counts under Fed. R. Civ. P. 12(b)(6). Docket 10. The lawyer defendants also move the court under Federal Rule of Evidence 201 to take judicial notice of the official court files in the underlying lawsuit in South Dakota Circuit Court, Fifth Judicial Circuit. Docket 11. Plaintiffs oppose all defendants' motions to dismiss. Docket 17. Plaintiffs do not appear to object to the lawyer defendants' motion for judicial notice (*see id.* at 19-21), so the court takes judicial notice of the state court judgment and entry of order. For the reasons that follow, the court grants the lawyer defendants' motion to dismiss all counts and grants Nodak's motion to dismiss all counts.

**BACKGROUND**

The facts alleged in the complaint, accepted as true, are as follows:

Teresa Thompson, a resident of South Dakota, is the daughter of Winfield Thompson, who passed away as a result of injuries sustained in a motor vehicle accident on November 6, 2009. The motor vehicle accident occurred in South Dakota. On or about August 31, 2012, Teresa Thompson brought a wrongful death action in Roberts County, South Dakota, Fifth Judicial Circuit Court (the underlying action), against Nicholas Helgeson, the tortfeasor who caused the motor vehicle accident with Winfield Thompson. At the time of the accident, Helgeson was insured by Nodak Insurance Company. Nodak hired attorney Harrie and the Nilles Law Firm to defend Helgeson in the wrongful death action.

Harrie was and is an attorney employed by the Nilles Law Firm in Fargo, North Dakota. Harrie was and is licensed to practice law in North Dakota and

2

Minnesota. Despite not being licensed to practice law in South Dakota, Harrie noticed his appearance in the underlying action on October 12, 2012, and no South Dakota licensed-attorney filed a motion for pro hac vice on Harrie's behalf at that time. Harrie filed pleadings on behalf of Helgeson and appeared as counsel for Helgeson at a deposition and in two court hearings.

On or about January 21, 2016, plaintiffs discovered that Harrie was not licensed to practice law in South Dakota. Harrie sought admission to practice law in South Dakota, but the circuit court denied the motion for pro hac vice. Finding that Harrie unlawfully practiced law in South Dakota in violation of SDCL § 16-18-2, the circuit court granted plaintiffs' renewed motion for default judgment on the merits and quashed all pleadings filed by Harrie. *See* Docket 18-2. Following a jury trial on damages, the circuit court entered an amended judgment in favor of plaintiffs for $127,219.60. Docket 18-3.

Plaintiffs allege that the lawyer defendants' unauthorized practice of law in South Dakota caused plaintiffs undue delay and additional expenses in attorneys fees, costs, and emotional distress damages. And Nodak, plaintiffs allege, knew or should have known that Harrie was improperly practicing law in South Dakota.

## LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Inferences are construed in favor of the nonmoving party. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient

3

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The court assesses plausibility by considering only the materials in the pleadings and exhibits attached to the complaint, drawing on experience and common sense, and reviewing the plaintiff's claim as a whole. *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012). Materials that are part of the public record may also be considered in ruling on a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). A well-pleaded complaint should survive a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly,* 550 U.S. at 556 (internal quotations omitted).

## DISCUSSION

### I. Count 1: Unauthorized Practice of Law

Under their unauthorized practice of law claim, plaintiffs argue that they suffered damages as a result of defendants' breach "of their duty to properly represent Helgeson" in the underlying lawsuit. Docket 1-1 ¶ 61. Both Nodak

and the lawyer defendants argue that this claim must be dismissed because as a matter of law, defendants did not owe a duty to plaintiffs. Docket 8 at 4, Docket 12 at 5.

### A. The Lawyer Defendants

South Dakota law provides that "no person shall engage in any manner in the practice of law" in South Dakota unless (1) the person is licensed as an attorney and an active member of the South Dakota Bar in good standing or (2) the person is a non-resident attorney admitted to practice in South Dakota through pro hac vice admission. *See* SDCL §§ 16-18-1, 16-18-2. The "attorney general or any citizen of the state" may restrain a person engaging in the unauthorized practice of law by permanent injunction. SDCL § 16-18-1. But neither SDCL § 16-18-1 nor SDCL § 16-8-2 provide a private cause of action for damages for the unauthorized practice of law. Thus, the plain language of SDCL §§ 16-18-1 and 16-18-2 show that there is no statutory basis for plaintiffs' unauthorized practice of law claim asserted against the lawyer defendants here.

Conceding that there is no statutory cause of action in South Dakota for damages for an unauthorized practice of law claim, plaintiffs argue that "there is always a potential 'common law' basis for a cause of action if the right, remedy, process or intent for the same, can be derived from other statutes, regulations, rules or case law precedent." Docket 17 at 12. Plaintiffs cite to *Persche v. Jones*, 387 N.W.2d 32 (S.D. 1987), *Cournoyer v. Montana*, 512 N.W.2d 479 (S.D. 1994), and *Steele v. Bonner*, 782 N.W.2d 379 (S.D. 2010) as

5

common law authority to bring a civil action for an unauthorized practice of law claim. Docket 17 at 12-13, 17-18. Plaintiffs also cite to numerous South Dakota statutes and Rules of Professional Conduct. *Id.* at 14-15. The court finds, however, that these authorities do not support plaintiffs' claim for relief.

In *Persche*, the South Dakota Supreme Court concluded that a bank president oversaw and directed the signing and witnessing of a person's will, which constituted an unauthorized practice of law. *Persche*, 387 N.W.2d at 36-37. Noting that "[o]ne who negligently fails to direct proper attestation of a will becomes liable in tort to an intended beneficiary," the Court held that the banker was liable for damages proximately caused by his unauthorized practice of law. *Id.* And in *Cournoyer*, the South Dakota Supreme Court held that the chairman of the Yankton Sioux Tribe had standing to bring an action for a temporary restraining order to prevent Montana's unlicensed practice of law on behalf of the tribe in South Dakota. *Cournoyer*, 512 N.W.2d at 481. *See also Steele*, 782 N.W.2d at 387 (affirming the trial court's ruling after the trial court permanently enjoined Bonner from continuing to engage in the unauthorized practice of law).

Plaintiffs claim that they "sustained damages as a direct and proximate cause of [defendants'] breach, of their duty to properly represent Helgeson and as a result of Harrie's unauthorized practice of law." Docket 1-1 ¶ 61. As noted by the lawyer defendants, this claim is really one for legal negligence or malpractice. *See Hamilton v. Sommers*, 855 N.W.2d 855, 862 (S.D. 2014) ("[A] successful claim against an attorney for legal malpractice requires proof of four

6

elements: (1) the existence of an attorney-client relationship giving rise to a duty, (2) the attorney, either by an act or failure to act, breached that duty, (3) the attorney's breach of duty proximately caused injury to the client, and (4) the client sustained actual damage." (quotation omitted)). As a question of law, the court determines whether a duty exists. *Id.*

Here, the lawyer defendants did not have an attorney-client relationship with plaintiffs that created a duty to plaintiffs. Unlike *Persche*, where the banker oversaw the execution of the decedent's will and thus was liable to that decedent's children as beneficiaries, the lawyer defendants here represented Helgeson, the opposing party in the underlying action. Thus, the lawyer defendants did not owe a duty of care to plaintiffs in the underlying action. *See Strassburg v. Citizens State Bank*, 581 N.W.2d 510, 517 (S.D. 1998) (citation omitted) (noting that attorneys "have no duty to protect the interests of adverse parties."). And *Persche* does not establish a common law basis for an unauthorized practice of law claim like plaintiffs argue. Rather, *Persche* involved damages for negligence, which was premised on the banker breaching a duty of care owed to the beneficiaries. *See Persche*, 387 N.W.2d at 36 ("One who negligently fails to direct proper attestation of a will becomes liable in tort to an intended beneficiary . . . .").

Moreover, *Cournoyer* and *Steele* both involved injunctive relief against an attorney's practice of law, which is permitted by SDCL § 16-18-1. *See* SDCL § 16-18-1 (providing that an attorney "may be restrained by permanent injunction" when sued by "any citizen of the state" for improperly practicing

7

law in South Dakota). Here, as noted above, plaintiffs' claim is one for damages, which is not authorized by state law.

Finally, the statutes and Rules of Profession Conduct cited by plaintiffs do not support plaintiffs' claim for relief. One statute that plaintiffs cite provides that an attorney who

> (1) [p]ractices any deceit or collusion, or consents to the same with intent to deceive the court or any party;
> (2) [i]ntentionally delays his client's suit with a view to his own gain; [or]
> (3) [i]ntentionally receives any money or allowance for or on account of any money which he has not paid or become answerable for

shall be guilty of a Class 2 misdemeanor. SDCL § 16-18-26. And SDCL § 16-18-28 provides that such conduct by an attorney imposes liability "for treble damages to the party injured, which damages may be recovered in a civil action from such attorney."

Here, plaintiffs have not claimed that the lawyer defendants committed any of the three violations found in SDCL § 16-18-26 that can give rise to a civil action against an attorney for treble damages. And as a whole, the group of statutes and rules that plaintiffs cite do not form the basis for a private cause of action for the unauthorized practice of law. Thus, the court finds that plaintiffs fail to state a claim for relief for the unauthorized practice of law against the lawyer defendants.

**B.     Nodak**

In addition to claiming that they sustained damages as a result of Nodak and Harrie's breach of their duty to properly represent Helgeson in the underlying action, plaintiffs claim that Nodak "knew or should have known"

8

that Harrie was improperly practicing law in the underlying action. Docket 1-1 ¶ 68. Nodak moves to dismiss plaintiffs' unauthorized practice of law claim, arguing that Nodak did not owe a duty to plaintiffs and plaintiffs do not have standing to bring a claim against Nodak absent an injury. Docket 8 at 5-7. In response, plaintiffs do not address Nodak's standing argument but appear to premise their claim against Nodak on theories of aiding and abetting, civil conspiracy, agency, and respondeat superior. Docket 17 at 28-35.

"Generally, the law imposes no duty to prevent the misconduct of a third person." *Iverson v. NPC Intern., Inc.*, 801 N.W.2d 275, 280 (S.D. 2011) (quotation omitted). There are exceptions to the general rule, such as an employer's duty to control employees or if the plaintiff shows there is a special relationship between the parties and the third party's act was foreseeable. *Id.* But plaintiffs have not pleaded facts or provided authority to support either exception here. All of plaintiffs' theories against Nodak presume that the lawyer defendants breached some duty in tort. Because the lawyer defendants did not owe a duty to plaintiffs, plaintiffs fail to state a claim for damages for the unauthorized practice of law against the lawyer defendants. Thus, there is no claim against Nodak and count one is dismissed.

## II. Count Two: Fraud and Deceit

In count two, plaintiffs claim that Harrie committed fraud, deceit, dishonesty, and misrepresentation, and all defendants "intentionally deceived" plaintiffs and the courts through Harrie's unauthorized practice of law in South Dakota. Docket 1-1 ¶¶ 73, 82. Defendants argue that plaintiffs have failed to

9

properly plead sufficient facts supporting a claim for fraud or deceit. Docket 8 at 9-10, Docket 12 at 13-17.

Because this case arises under diversity jurisdiction, this court applies state substantive law and federal procedural law. *Great Plains Tr. Co. v. Union Pac. R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007). Federal procedural law requires allegations of fraud or mistake to be pleaded with particularity. Fed. R. Civ. P. 9(b). Thus, to satisfy Rule 9(b), the party alleging fraud "must typically identify the 'who, what, where, when, and how' of the alleged fraud." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)). And while the court must accept all factual allegations as true on a motion to dismiss, the court does not need to "accept conclusory legal allegations as true." *Great Plains Tr. Co.*, 492 F.3d at 995 (citation omitted).

Under South Dakota law, "[o]ne who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." SDCL § 20-10-1. Deceit is defined to include

> (1) The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;
> (2) The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;
> (3) The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or
> (4) A promise made without any intention of performing.

SDCL § 20-10-2. And the essential elements of fraud are: (1) that a representation was made as a statement of fact, which was untrue and known

to be untrue by the party making it; (2) that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and (3) that the other party did in fact rely on it and was induced thereby to act to his injury or damage. *N. Am. Truck & Trailer, Inc. v. M.C.I. Commc'n Serv., Inc.*, 751 N.W.2d 710, 713 (S.D. 2008) (citation omitted).

Here, viewing plaintiffs' complaint as a whole, plaintiffs' claims for fraud and deceit do not meet the particularity standard required by Rule 9(b). In their complaint, plaintiffs allege that Harrie's unauthorized practice of law "forms the basis of the fraudulent inducement" that caused damages to plaintiffs. Docket 1-1 ¶ 78. Additionally, plaintiffs claim that the Nilles Law Firm and Nodak are also liable through an agency relationship. *Id.* ¶ 76-77. Plaintiffs have not supported their "fraudulent inducement" theory with any facts alleging how the defendants intended to deceive plaintiffs or how they intended plaintiffs to rely on untrue representations by the defendants. Without additional factual allegations, these are merely conclusory legal allegations.

Plaintiffs also note in their complaint that the state court in the underlying action determined that Harrie committed fraud, deceit, dishonesty, and misrepresentation through his unauthorized practice of law. But such assertions do not establish the elements for fraud or deceit on behalf of plaintiffs against Harrie or the Nilles Law Firm here. And as to Nodak, plaintiffs have not pleaded sufficient facts to show who at Nodak knew about Harrie's unauthorized practice of law, what they knew, when they knew it, or how they

concealed it. *See BJC Health Sys.*, 478 F.3d at 917. Thus, count two in plaintiffs' complaint is dismissed.

### III. Count Three: Civil Conspiracy

"A civil conspiracy is, fundamentally, an agreement to commit a tort." *Kirlin v. Halverson*, 758 N.W.2d 436, 455 (S.D. 2008) (quotation omitted). To establish a claim for civil conspiracy, the plaintiff must show "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." *Id.* (citation omitted). A claim for civil conspiracy "is not an independent cause of action, but is sustainable only after an underlying tort claim has been established." *Id.* (quotation omitted).

Plaintiffs have failed to state a claim for civil conspiracy because they have failed to establish an underlying tort claim. Plaintiffs have also failed to plead sufficient facts to establish a prima facie case for civil conspiracy in their complaint. Thus, count three of plaintiffs' complaint is dismissed.

### IV. Count Four: Barratry/Abuse of Process

In count four, plaintiffs allege that all defendants knew that Harrie conducted the unauthorized practice of law in South Dakota, they "purposefully and intentionally proceeded," and their conduct was malicious and in bad faith toward the courts, the public, and innocent opposing parties, such as plaintiffs here. Docket 1-1 ¶ 99.

South Dakota law provides that:

> Barratry is the assertion of a frivolous or malicious claim or defense or the filing of any document with malice or in bad faith by a party in a civil action. Barratry constitutes a cause of action which may be asserted by filing a pleading in the same civil action in which the claim of barratry arises or in a subsequent action. A claim of barratry shall be determined in the same manner as any other substantive cause of action asserted in that civil action.

SDCL § 20-9-6.1.

Plaintiffs' barratry claim does not assert sufficient facts to recover under any circumstance provided by SDCL § 20-9-6.1. Plaintiffs have not alleged that (1) Harrie presented a frivolous claim or defense in the underlying action, (2) Harrie presented a malicious claim or defense in the underlying action, (3) Harrie filed a document with malice in the underlying action, or (4) Harrie filed a document in bad faith in the underlying action. Rather, plaintiffs' claim for barratry merely repackages their claim for Harrie's unauthorized practice of law and adds conclusory allegations that Harrie's conduct was done in a malicious way and with bad faith. Thus, plaintiffs have not pleaded sufficient factual allegations to assert a claim of barratry against the lawyer defendants. Additionally, Nodak neither asserted any claims or defenses in the underlying action nor filed any documents in the underlying action, so plaintiffs have failed to state a claim for barratry against Nodak.

As to their claim for abuse of process, plaintiffs allege that Harrie's unauthorized practice of law "was an abuse of the civil process [that] was done with knowledge, foresight, awareness, and reckless disregard[,]" and such conduct is imputed to the Nilles Law Firm and Nodak through principles of agency and respondeat superior. Docket 1-1 ¶¶ 95-96.

South Dakota has adopted the abuse of process definition set forth in section 682 as well as comments (a) and (b) of the Restatement (Second) of Torts. *Brishky v. South Dakota*, 479 N.W.2d 489, 493 (S.D. 1991). The Restatement provides that, "One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." Restatement (Second) of Torts § 682 (1977). The significance of the word "primarily" is that,

> For abuse of process to occur there must be use of the process for an immediate purpose other than that for which it was designed and intended. The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it.

*Id.* cmt. b. Thus, the elements of this tort are "(1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." *Brishky*, 479 N.W.2d at 494 (citations omitted).

Even after construing all reasonable inferences in plaintiffs' favor, plaintiffs' complaint does not assert a claim against defendants for abuse of process. Plaintiffs have not pleaded sufficient facts to meet the elements of an abuse of process claim.

## V. Count Five: Punitive Damages

In count five, plaintiffs claim they are entitled to punitive damages for defendants' conduct. Docket 1-1 ¶ 100. Defendants argue that plaintiffs have failed to assert a claim for punitive damages. Docket 8 at 12, Docket 12 at 20-21.

"[P]unitive damages are a form of relief and not a 'claim' that is subject to a Rule 12(b)(6) motion to dismiss." *Benedetto v. Delta Air Lines, Inc.*, 917 F. Supp. 2d 976, 984 (D.S.D. 2013) (citing *Sec. Nat'l Bank of Sioux City v. Abbott Labs.*, 2012 WL 327863, at *21 (N.D. Iowa Feb. 1, 2012)). "[S]o long as there are surviving claims," punitive damages "are not subject to a motion to dismiss." *Sec. Nat'l Bank of Sioux City*, 2012 WL 327863, at *21; *see also Hoaas v. Griffiths*, 714 N.W.2d 61, 67 (S.D. 2006) (stating that the South Dakota Supreme Court has "consistently held that punitive damages are not allowed absent an award for compensatory damages." (quotation omitted)). Because plaintiffs' complaint does not contain any surviving claims, plaintiffs cannot recover punitive damages as a form of relief.

## CONCLUSION

There is no private right of action for damages for the unauthorized practice of law in South Dakota. Thus, plaintiffs have failed to state a claim upon which relief can be granted in count one. In their claim for fraud and deceit in count two, plaintiffs have not met the heightened pleading requirement of Rule 9(b). As to civil conspiracy, because plaintiffs have failed to state an underlying tort claim, count three fails to state a claim upon which relief can be granted. And in count four, plaintiffs have not pleaded sufficient facts to assert a prima facie case for barratry or abuse of process. Finally, because plaintiffs do not have any remaining claims, punitive damages are not recoverable. Thus, it is

ORDERED that the lawyer defendants' motion to dismiss (Docket 10) and Nodak's motion to dismiss (Docket 7) are granted.

IT IS FURTHER ORDERED that the lawyer defendants' motion to take judicial notice (Docket 11) is granted.

Dated September 19, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE